UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH MORROW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00548-JPH-DLP |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Kenneth Morrow's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case CIC 19-04-0328. For the reasons explained in this Entry, Mr. Morrow's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

### B. Disciplinary Proceeding

On April 26, 2019, Investigator J. Stevens wrote a Report of Conduct charging Mr. Morrow with a violation of Code A-111/113, Conspiracy to Traffic, as follows:

> On 4/26/2019 at 1100 hours I, Investigator Stevens, completed an investigation into contraband being trafficked into CIC. Offender Kenneth Morrow #974699 conspired to have an Aramark Staff Member introduce contraband into the facility in exchange for money. Morrow received the phone number 765-606-2331 and provided this number to the staff member on 4/17/19. This phone number was then called on 4/17/19 by Offender Roman Coleman #978287. Through my training and experience, this phone call made by Coleman to the called person assists in orchestrating the trafficking of contraband into the facility. The details supporting this investigation are contained in Confidential Case File 19-CIC-0022. Please review the case file to answer questions regarding this conduct report.

Dkt. 8-1.

Mr. Morrow received a Notice of Disciplinary Hearing Screening Report notifying him of the charge on May 1, 2019. Dkt. 8-2. He pled not guilty, requested a lay advocate, did not wish to call any witnesses, and requested "any and all evidence." *Id.* On May 3, 2019, Mr. Morrow completed an Indiana Department of Correction ("IDOC") Request for Interview form and requested a copy of the case file. Dkt. 8-4.

On May 21, 2019, Mr. Morrow was given a copy of the transcript of the phone call made by Offender Roman Coleman to the phone number received by Mr. Morrow. Dkt. 8-5. On June 4, 2019, Sgt. Napper reviewed video of the incident and wrote the following summation:

> I, Sgt. S. Napper, reviewed the video footage for case number CIC 19-04-0328. I Sgt. S. napper reviewed the recorded video evidence provided to me by Investigator Stevens. On 4/17/2019 at 5:17 pm and 5:19 pm on the large chow hall #1 camera I observed offender Morrow, Kenneth 974699 having a verbal interaction with an Aramark staff member. There is no audio on this camera. I am not identifying this staff member as this incident is still under investigation.

Dkt. 8-6. The Court has reviewed the video footage provided for *in camera* review and finds that the summation provided accurately depicts the events that occurred.

Mr. Morrow's disciplinary hearing was held on June 13, 2019, and he made the following statement: "Drop this to a B. Give me 90 days ECT loss. 90 days Seg – TEL on the shelf. Consider my conduct history. I made a mistake." Dkt. 8-7. The disciplinary hearing officer ("DHO") considered the staff reports, the statement of offender, and the confidential case file and found Mr. Morrow guilty. *Id.* Mr. Morrow's sanctions included a deprivation of 90-days' of earned credit time. *Id.*

Mr. Morrow appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkt. 8-10; dkt. 8-11; dkt. 8-12. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return to order to show cause on February 10, 2020. Dkt. 8. Mr. Morrow did not file a reply.

**C. Analysis**

Mr. Morrow raises only one ground in his petition, that he was denied the ability to review the confidential case file as part of his request for any and all evidence in his case. Dkt. 1 at 3. The respondent states that Mr. Morrow was provided with a summary of the video of the incident and the transcript of the phone call described in the conduct report. Dkt. 8 at 6. However, the respondent contends that Mr. Morrow is not entitled to the confidential case file due to the facility's need to preserve institutional safety and correctional goals. *Id.* The Court agrees that Mr. Morrow was not entitled to a copy or the ability to examine this confidential case file.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid

3

justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 681 F. App'x 494, 497 (7th Cir. 2017) (quoting *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003)). As the petitioner, it is Mr. Morrow's burden to establish that any evidence he was denied was material and exculpatory. *See Piggie,* 344 F.3d at 678 (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness). Mr. Morrow has not met this burden.

The Court has reviewed the *ex parte* filing of the confidential case file, dkt. 9, and finds that it contains sensitive information such as the facility's investigative techniques, details pertaining to the investigation itself, evidence obtained as a result of the investigation, details regarding the interaction between Mr. Morrow and the Aramark staff member, and personal information regarding the Aramark staff member. The Court finds that this information in the case file demonstrates that there was sufficient evidence that Mr. Morrow engaged in conspiracy to traffic, and the conduct report is accurately based upon the contents of the case file. To the extent that Mr. Morrow argues that the DHO did not consider the confidential case file in making his findings, Mr. Morrow is incorrect. The DHO documented that both the conduct report and confidential case file were considered and relied upon to support the guilty finding. Dkt. 8-7.

Accordingly, habeas relief on this ground is **denied.**

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Mr. Morrow to the relief he seeks.

Accordingly, Mr. Morrow's petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 2/1/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH MORROW
974699
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov